IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MARK EDWARD STINNETT**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN**, Acting Commissioner of Social Security,

        Defendant.

Case No. 3:14-cv-00906-SI

**OPINION AND ORDER**

Tim Wilborn, WILBORN LAW OFFICE, P.C., Post Office Box 370578, Las Vegas, NV 89137. Of Attorneys for Plaintiff.

Billy J. Williams, Acting United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Alexis L. Toma, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Mark Edward Stinnett ("Mr. Stinnett"), pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), seeks alteration or amendment of the Court's Judgment, issued September 29, 2015, remanding this case to the Commissioner for further proceedings. Mr. Stinnett argues that the Court erred by not remanding this case for an immediate award of

PAGE 1 – OPINION AND ORDER

benefits. The Court has reviewed its decision and concludes that it improperly ordered the remand of this case for further proceedings. The Court, therefore, grants Mr. Stinnett's motion.

## STANDARDS

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Sante Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). In general, "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Mr. Stinnett asserts that the Court's Judgment falls into the first category because the Court erred in remanding this case for further proceedings rather than for an immediate award of benefits. Dkt. 23 at 1.

## DISCUSSION

Mr. Stinnett contends that the Court committed two errors: (1) the Court incorrectly concluded that outstanding issues remain after crediting Dr. Rinehart's December 2011 medical opinion as true; and (2) the Court incorrectly concluded that the evidence was inconclusive as to whether Mr. Stinnett lacked transferable skills. Because the Court agrees with Mr. Stinnett's first assertion of error, the Court does not reach Mr. Stinnett's second argument.

Mr. Stinnett points out that in Dr. Rinehart's December 2011 opinion, he opined that Mr. Stinnett could sit, stand, and walk for only 5 hours in an 8 hour workday, and that he must rest in a recliner or a bed for the remaining 3 hours. AR 415; Dkt. 20 at 8. As Mr. Stinnett notes, the need to rest in a recliner or bed for 3 hours in an 8 hour workday would necessitate an employer

PAGE 2 – OPINION AND ORDER

accommodation, and the willingness of employers to make accommodations is not considered in determining disability. *See Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 803 (1999).

The Government offers no argument in opposition other than a general argument against crediting evidence as true. To the extent that the Government is asserting that the Court should not have credited Dr. Rinehart's December 2011 opinion as true, the Government did not file a motion challenging that portion of the Court's September 29, 2015 Opinion and Order. Thus, the Court does not reconsider that portion of its Opinion.

Upon considering the substance of Dr. Rinehart's December 2011 opinion—in particular, Mr. Stinnett's need to rest in a recliner or bed for 3 hours in an 8 hour workday—the Court finds that further proceedings in this case would serve no useful purpose. When Dr. Rinehart's opinion is credited as true, the ALJ would be required to find Mr. Stinnett disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Thus, the Court grants Mr. Stinnett's Rule 59(e) motion and remands this case for the calculation and award of benefits.

## CONCLUSION

Mr. Stinnett's motion for an amended or corrected judgment (Dkt. 22) is GRANTED. The Court VACATES its September 29, 2015 Judgment. The Commissioner's decision that Mr. Stinnett is not disabled is REVERSED and this case is REMANDED for a finding of disability and an immediate award of benefits.

**IT IS SO ORDERED.**

DATED this 4th day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER